## LAMB KNIT-GOODS CO. v. LAMB.

1. PRINCIPAL AND AGENT—GOOD FAITH.

An agent who has done his full duty in making a purchase for his principal at the lowest possible price cannot be required to deliver to the principal property received from the seller after the termination of the agency.

2. CORPORATIONS—BILL TO COMPEL SURRENDER OF STOCK—PARTIES.

A bill in equity by a corporation to compel the surrender of certain shares of its stock cannot be sustained, where the certificates have been transferred on the books of the company to one not made a party to the bill, who purchased them from defendant for a *bona fide* consideration.

3. SAME—RELIEF.

Nor, under such circumstances, can relief be granted upon the theory that defendant continues to own other shares of stock like those which the bill was framed to reach.

Appeal from Shiawassee; Smith, J. Submitted January 27, 1899. Decided March 23, 1899.

Bill by the Lamb Knit-Goods Company against Isaac W. Lamb to compel the surrender of certain shares of stock alleged to have been fraudulently obtained. From a decree dismissing the bill, complainant appeals. Affirmed.

*Fred L. Chappell* (*Hugh P. Stewart*, of counsel), for complainant.

*Cahill & Wood*, for defendant.

LONG, J. The bill was filed in this cause to compel defendant to surrender to complainant eight shares of complainant's own capital stock, of the par value of $200; which stock, it is claimed, was obtained by him in fraud of complainant's rights, while acting as its agent. It is

also sought to compel the repayment to complainant of all dividends paid on said shares to defendant, and to enjoin him from transferring, or in any manner incumbering, the stock during the pendency of these proceedings. The bill was dismissed by the court below, and complainant appeals.

From the view we take of the case, we do not deem it necessary to set out the evidence. The complainant claims that the defendant is seeking to make a profit out of the business of the complainant while acting as its agent; but it appears that the transaction in which the defendant was acting as agent of the company had been closed, so far as defendant had anything to do with it, before these eight shares were turned over to him by Potter & Loomis, who held them. The record shows that the complainant company had bought of Potter & Loomis certain knitting machines, tools, patents, etc., for $2,500. In payment, the complainant turned out to them $1,000 of the stock of the company, and gave notes to secure the balance. It appears that, prior to that time, defendant had paid to Potter & Loomis $200 to secure an option on this property for a stated time. This option had expired, and the $200 had become forfeited. At the time of the purchase by complainant, defendant, acting as its agent, attempted to get a reduction of $200 on the purchase price. This was refused, and the purchase was completed for the $2,500. After this was done, and the whole transaction closed, Potter & Loomis agreed to transfer to defendant the eight shares in controversy here. There is nothing in the record showing, or tending to show, that this was any part of the original agreement for the purchase by the complainant. In fact, the purchase had been made, the contract signed, the notes made and delivered with the $1,000 in shares of stock, before any arrangement had been made between defendant and Potter & Loomis in reference to the transfer of these eight shares. Under the agreement between Potter & Loomis and the defendant, these eight shares were to be delivered to defendant when the notes of com-

plainant were fully paid; and this was done. Defendant had nothing to do with the payment of these notes. He was in no way obligated upon them, and it appears conclusively that he had done his full duty in making the purchase for complainant at the lowest possible price. The fact that Potter & Loomis gave him the eight shares after the whole matter was closed up does not give the complainant the right to demand them of him or to claim any rights in them. It was but the recognition, on the part of Potter & Loomis, of the claim which defendant had against them for the $200, and which they had before that declared forfeited by the expiration of time.

But there is another reason why the bill cannot be sustained. It was filed to compel the defendant to surrender these eight shares of stock. It appears that the shares had been sold and transferred by him to his wife for a *bona fide* consideration, and the certificates transferred to her on the books of the company. Therefore the defendant did not own them at the time the bill was filed, and no transfer could be compelled. His wife was not made a party.

But counsel for complainant contend that the defendant owned other shares of like character, and that he could be compelled to surrender eight of these other shares. The bill was filed to compel surrender of these eight shares, and we think the court below, under the circumstances, properly refused to enter decree for the complainant upon both grounds set forth here.

The decree must be affirmed, with costs.

The other Justices concurred.